UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BARRY KNUDSEN,

                Petitioner,

    -against-

UNITED STATES OF AMERICA, INTERNAL
REVENUE SERVICE, and GREGORY ALLISON,
IRS Agent,

                Respondents.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-2269 (SLT)(LB)

**TOWNES, United States District Judge:**

Petitioner Barry Knudsen ("Petitioner"), proceeding *pro se*, petitions this Court pursuant to 26 U.S.C. § 7609 to quash an administrative summons which the Internal Revenue Service ("IRS") issued to a third-party record-keeper in an effort to obtain certain credit card records relating to Petitioner. Respondent United States now moves pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss the petition for lack of subject-matter jurisdiction, arguing that Petitioner cannot proceed under 26 U.S.C. § 7609 because the summons at issue was issued in aid of collection. For the reasons set forth below, Respondent's motion is granted and the petition is dismissed.

## *BACKGROUND*

On March 25, 2013, respondent Gregory Allison, a Revenue Officer employed by respondent IRS issued a summons addressed to a Citibank office located in Long Island City, Queens. That document (hereafter, "the Summons")—a copy of which is attached to the petition—directed Citibank to produce for examination certain credit card records relating to Petitioner on April 18, 2013. The Summons was not specific regarding the purpose for which the records were sought, stating that the Summons was seeking "books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring

into any offense connected with the administration and enforcement of the internal revenue laws concerning the person identified above for the periods shown above."

On or about April 8, 2013, Petitioner—a Missouri resident—mailed to the Clerk of Court a document entitled, "Petition to Quash IRS Third Party Summons" (hereafter, the "Petition") along with a cover letter and the filing fee. According to stamps which appear on the Petition and the cover letter, Petitioner's mailing was received by the Clerk and the Court's Pro Se Office on April 12, 2013. However, the Clerk's Office did not upload the documents onto the Court's Electronic Case Filing ("ECF") system until April 15, 2013.

The Petition names three respondents: the United States of America, the IRS, and "IRS Agent" Allison. The Petition specifically alleges that this Court has jurisdiction over this action pursuant to both 26 U.S.C. § 7609 and 5 U.S.C. § 552(a). However, the Petition does not allege any facts to suggest a violation of the Freedom of Information Act or Privacy Act and requests only that the summons be quashed.

The six causes of action alleged in the Petition need not be described in great detail. The first three causes of action allege that Respondents failed to comply with (1) the requirement that the IRS provide Petitioner with notice of the summons (*see* 26 U.S.C. § 7609(a)(1)); (2) the requirement that the IRS provide Petitioner with a record of the entities contacted (*see* 26 U.S.C. § 7609(c)(1) & (2)); and (3) the requirement that the IRS not issue an administrative summons after the IRS has referred Petitioner's case to the Department of Justice for criminal prosecution (see 26 U.S.C. § 7602(d)). The fourth cause of action cites to *United States v. Powell*, 379 U.S. 48 (1964), and argues that Respondents were not acting in "good faith" in issuing the summons. The fifth cause of action alleges that Respondents' actions violated unspecified "Privacy Laws of

2

the United States of America," while the sixth cause of action alleges that Respondents' actions violated unspecified "Privacy Laws of the State of Missouri," as well as Petitioner's "Constitutionally protected rights under the 4th and 14th Amendment[s]."

### *The United States' Motion*

Respondent United States of America ("United States" or the "Government") now moves to dismiss this action, principally on the ground that plaintiff does not have the right to move to quash pursuant to 26 U.S.C. § 7609. The United States acknowledges that a person who is entitled to notice of an IRS summons under the terms of 26 U.S.C. § 7609(a) has the right to bring a proceeding to quash said summons "not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)." 26 U.S.C. § 7609(b)(2)(A). However, the Government also notes that the provisions of § 7609 are inapplicable to a summons "issued in aid of the collection of ... (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued ...." 26 U.S.C. § 7609(c)(2)(D).

In their motion to dismiss, the Government principally argues that the Summons was issued in aid of collection and that Petitioner cannot bring this action pursuant to § 7609. In support of this argument, the United States relies on facts set forth in a declaration executed by Allison on April 16, 2014 (the "Allison Declaration") and exhibits attached thereto. That declaration states that Allison, as a Revenue Officer of the IRS, is "tasked with the responsibility of investigation and collection of the federal income tax liabilities of Petitioner relating to the tax year 2008." Allison Declaration, ¶ IV. On February 23, 2012, in furtherance of these duties, Allison sent Petitioner a "Final Notice" of the IRS's intent to levy on Petitioner's assets in order to collect approximately $50,000.00 in taxes, interest and penalties which Petitioner owed for tax

3

year 2008. *Id.*, Ex. 2. That Final Notice—a copy of which is attached to the Allison Declaration as Exhibit 2—informed Petitioner that, unless he paid the amount owed, made alternative arrangement to pay, or requested an appeals hearing within 30 days, the IRS might "take collection action against ... property, ... rights to property, ... and other income" owned by him. *Id.*, Ex. 2, p. 2. The Allison Declaration implies that the summons in question was issued in aid of collection, stating that "[t]he testimony and books, papers, records and other data sought by the Summons may be relevant for the purpose of ... collecting Petitioner's federal income tax liabilities for the tax year 2008." *Id.*, ¶ X.

The Government also relies on the Allison Declaration in arguing that the Petition in this case was untimely filed. Allison represents that he provided notice to Petitioner in accordance with § 7609(a)(2) by serving a copy of the Summons on Petitioner on March 25, 2013. *Id.*, ¶ VI. Allison's representations are substantiated by two exhibits attached to his declaration as Exhibit 1: an IRS document certifying that Allison sent a copy of the Summons to Petitioner via certified mail on March 25, 2013, and a copy of an undated certified mail receipt bearing Petitioner's signature. The United States' Memorandum of Law in Support of its Motion to Dismiss ("Respondent's Memo") asserts that this action was not commenced until April 15, 2013—one day after the 20-day period in which commencement of this action was authorized by § 7609(b)(2)(A). *See* Respondent's Memo, pp. 6-7.

In addition to these two procedural arguments, the United States also addresses the merits of claims set forth in the Petition. Again relying on the Allison Declaration, the Government argues that Allison provided timely and adequate notice of the Summons and that the Summons

was valid and proper under the test enunciated in *Powell*. In addition, the United States argues that Petitioner has not established violations of Privacy Laws or his Constitutional rights.

In his "Objection to Respondent's Motion," Petitioner begins by arguing that the Petition to Quash was timely, noting that it was received by the Pro Se Office of this Court on April 12, 2013. Petitioner then addresses the Government's arguments relating to the merits of the Petition. However, Petitioner entirely fails to address the Government's principal argument: that, because the Summons was issued in aid of collection, this Court lacks subject-matter jurisdiction under § 7609(b)(2)(A). In its Reply Memorandum in Support of its Motion to Dismiss ("Reply Memo"), the Government highlights this fact, stating, "Petitioner has nothing at all to say about the government's primary argument ...." Reply Memo, p. 1.

## DISCUSSION

### *The Legal Standard under Rule 12(b)(1)*

"When considering a motion to dismiss for lack of subject matter jurisdiction or for failure to state a cause of action, a court must accept as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, "[w]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)). It is the plaintiff's burden to both plead and prove compliance with the statutory requirements for jurisdiction. *See In re Agent Orange Product Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 935 F. Supp. 2d 666, 734 n. 23 (S.D.N.Y. 2013). The

Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions, and must do so if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction. *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n. 6 (2d Cir. 2001) (citing *Exchange Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976); *Kamen v. AT & T Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

## *Sovereign Immunity*

"It long has been established ... that the United States, as sovereign, 'is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, ... will not be implied, [and] ... will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted; brackets added). Unless an action satisfies the statutory requirements for jurisdiction, the action is barred by sovereign immunity and the district court lacks subject-matter jurisdiction. *See Wyler v. United States*, 725 F.2d 156, 159 (2d Cir. 1983); *Keene Corp. v. United States*, 700 F.2d 836, 841 (2d Cir. 1983).

## *26 U.S.C. § 7609*

In this case, the Petition alleges that this Court has jurisdiction under two statutes: 26 U.S.C. § 7609 and 5 U.S.C. § 552(a). Under the first of these statutes, a taxpayer may, in certain circumstances, initiate a proceeding to quash an administrative summons served on a third-party record-keeper. The IRS has a "'broad mandate to investigate and audit persons' to insure compliance with federal tax laws." *Upton v. I.R.S.*, 104 F.3d 543, 545 (2d Cir. 1997) (quoting

*United States v. Bisceglia*, 420 U.S. 141, 145 (1975)). Recognizing that the IRS must "have the power to issue administrative summonses in order to have effective oversight," *id.*, Congress has given the IRS authority to:

> summon the person liable for tax ... or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a)(2) (emphasis added).

Congress also recognized, however, "the taxpayer's need to protect privacy interests potentially invaded by the summons." *Upton*, 104 F.3d at 546 (citing *United States v. First Bank*, 737 F.2d 269, 272 (2d Cir. 1984)). Accordingly, "Congress established procedures that would protect these rights in some situations in which the third-party has minimal interest in resisting enforcement." *Id.* Specifically, Congress required that the IRS give notice of the summons to the person who is identified as the subject of the records sought within three days of the service of the summons on the third-party record-keeper. 26 U.S.C. § 7609(a). Congress also gave the taxpayers who were entitled to notice under § 7609(a) the right to initiate a proceeding in federal court to quash the summons. 26 U.S.C. § 7609(b)(2).

Generally, the provisions of § 7609(a) and (b)(2) apply to any summons issued pursuant to § 7602(a)(2). *See* 26 U.S.C. § 7609(c)(1). There are some exceptions, however, which are delineated in § 7609(c)(2). Notably, § 7609(c)(2)(D) provides that the provisions of § 7609 do not apply to any summons "issued in aid of the collection of ... (i) an assessment made or judgment rendered against the person with respect to whose liability the summons is issued."

7

In this case, the Government argues that the summons which Petitioner seeks to quash falls within the exception set forth in §7609(c)(2)(D)(ii). In support of that argument, the Government has adduced evidence that the Summons was issued as part of the IRS's efforts to levy upon Petitioner's assets and to collect upon approximately $50,000 in tax, penalties and interest which Petitioner owed for tax year 2008. Specifically, the Government has submitted a declaration from Allison, the IRS Revenue Officer "tasked with the responsibility of investigation and collection of the federal income tax liabilities of Petitioner relating to the tax year 2008." Allison Declaration, ¶ IV. The Allison Declaration attaches a "Final Notice" which indicates that, as of February 23, 2012, the IRS had assessed Petitioner's tax liability for tax year 2008, with interest and penalties, at approximately $50,000 and that the IRS was preparing to levy on "property, ... rights to property, ... and other income" owned by him. *Id.*, Ex. 2, p. 2. The Allison Declaration implies that the Summons was issued in aid of collection, stating that "[t]he testimony and books, papers, records and other data sought by the Summons may be relevant for the purpose of ... collecting Petitioner's federal income tax liabilities for the tax year 2008." *Id.*, ¶ X.

Since it is Petitioner's burden to both plead and prove compliance with the statutory requirements for jurisdiction, *see In re Agent Orange*, 818 F.2d 210, 214 (2d Cir. 1987); *In re LIBOR-Based Financial Instruments Antitrust Litig.*, 935 F. Supp. 2d at 734 n. 23, Petitioner was required to controvert the Government's proof that the Summons fit within the exception set forth in §7609(c)(2)(D)(ii). Yet, Respondent's Memo does not offer any evidence to controvert Allison's assertion that the Summons was issued in aid of collecting assessed taxes. Indeed, as the Government correctly notes in its Reply Memo, "Petitioner has nothing at all to say" about

8

this particular argument. Reply Memo, p. 1. Accordingly, Petitioner has not met his burden of establishing that this Court has jurisdiction under 26 U.S.C. § 7609.

*5 U.S.C. § 552*

Respondent's Memo does not address the issue of whether this Court has jurisdiction pursuant to 5 U.S.C. § 552(a). However, this Court notes that nothing in the Petition suggests that Petitioner is actually attempting to raise a claim under the Freedom of Information Act or Privacy Act. To be sure, the Privacy Act provides for a private right of action under certain circumstances: "when (1) an agency fails to amend an individual's records after the individual requests such an amendment and pursues required administrative review; (2) an agency denies an individual access to his records; (3) an agency fails to maintain a record concerning an individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in a determination made on the basis of such record, and an adverse determination is made as a result; and (4) an agency fails to comply with any other provision of the Act or rule promulgated under the Act, if the violation has an adverse effect on the individual." *See Schwartz v. U.S. Dept. of Justice*, No. 94 Civ. 7476 (AGS), 1995 WL 675462, at *6 (S.D.N.Y. Nov. 14, 1995) (citing 5 U.S.C. § 552a(g)(1)(A), (B), (C) and (D)). The Petition does not allege facts to suggest that any of those circumstances exist in this case. Furthermore, the Petition does not seek any relief other than the quashing of the Summons. Accordingly, to the extent that Petitioner is alleging jurisdiction under 5 U.S.C. § 552(a), nothing in the Petition suggests that Petitioner can state a claim under this section.

## CONCLUSION

For the reasons stated above, the United States' motion to dismiss the instant Petition for lack of subject-matter jurisdiction is granted. The Petition is dismissed. The Clerk of Court shall enter judgment in favor of Respondents and close this case.

**SO ORDERED.**

Judge Sandra L. Townes

_____
SANDRA L. TOWNES
United States District Judge

Dated: August 27, 2014
Brooklyn, New York